IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JOHN SHELL, | ) | C/A No. 2:15-CV-04213-MBS-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| SOUTH CAROLINA DEPARTMENT | ) | |
| OF MENTAL HEALTH, LATRICE COOPER, | ) | |
| AND TINA HOWELL, | ) | |
| DEFENDANTS. | ) | |
| | ) | |

The Plaintiff, through counsel, brings this action under Title 42, United States Code, Section 1983. The Plaintiff is currently in the custody of the South Carolina Department of Mental Health ("DMH") pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code §§ 44-48-10 through 170 ("SVPA"). This matter is before the court on the Defendant Tina Howell's Motion for Summary Judgment. (Dkt. No. 6.)

The Plaintiff brought this action on or about August 20, 2015.[1] (Dkt. No. 1 at 1.) The Plaintiff filed an Amended Complaint on September 8, 2015. (*Id*. at 3.) Defendant DMH filed an Answer on October 14, 2015 (Dkt. No. 5.) On October 21, 2015, Defendant Howell filed a Motion for Summary Judgment, and Defendant Latrice Cooper filed an Answer. (Dkt. No. 6; Dkt. No. 9). On November 9, 2015, the Plaintiff filed a Response and Opposition to Defendant Howell's Motion for Summary Judgment. (Dkt. No. 12.) On November 19, 2015, Defendant Howell filed a Reply to the Plaintiff's Response and Opposition to Summary Judgment. (Dkt.

---

[1] This action was removed from state court. The Consent Notice of Removal has the Amended Complaint attached, not the original Complaint. (Dkt. No. 1.) However, the Verification of the original Complaint is included and states that the Complaint was filed "on or about August 20, 2015." (Dkt. No. 1-1 at 1.)

1

No. 13.)  This matter is referred to a United States Magistrate Judge for consideration. For the

reasons stated herein, the undersigned recommends that Defendant Tina Howell's Motion for

Summary Judgment (Dkt. No. 6) be granted.

## Alleged Facts

The Plaintiff is civilly committed under the SVPA and housed at the Broad River

Correctional Institute pursuant to a contract between DMH and the South Carolina Department

of Corrections ("SCDC"). (Dkt. No. 12.)  Defendant Howell is a former employee of DMH who

was specifically employed within the Sexually Violent Predator Program ("SVPP") as a public

safety officer until November 9, 2011. (Dkt. No. 1-1 at 4; Dkt. No. 6-2.)

On August 15, 2013, an Annual Review Report ("Report") was issued by SVPP pursuant

to S.C. Code §44-48-110. (Dkt. No. 12-1.) In the report, Dr. Michele Gehle, the Plaintiff's

evaluator, notes that while the Plaintiff was committed within SVPP, he "had several serious rule

infractions that were sexually related." (*Id.* at 8.) Several of these infractions arose out of an

incident in November of 2011, where the Plaintiff "had an inappropriate phone relationship with

an employee." (*Id.* at 9.)

On November 8, 2011 a female DMH employee was arrested for Public Official-

Misconduct in Office as result of her inappropriate phone relationship with the Plaintiff and was

thereby terminated by DMH on November 9, 2011 (*Id.* at 9.) The report further states that in

December of 2011, the Plaintiff received the following infractions as a result of the November

phone relationship:

1.  Unauthorized phone communication (ongoing and sexually explicit),

2.  Abuse of Phone Privileges,

3.  Giving False Information During an Investigation."[2]

(*Id.*)  The Plaintiff was sanctioned a result of the above infractions.[3] (*Id.*) In February of 2012, the Plaintiff violated a "No Contact Order" by writing to the above mentioned former DMH employee and "lost his level of privileges for [thirty] days" as a result. (Dkt. No. 12-1 at 9.) In February of 2013, it was alleged that the Plaintiff engaged in sex with a cellmate. Although the Plaintiff denied these allegations, he was "referred to his therapist and his treatment team for follow up." (*Id.*)

Dr. Gehle determined that the Plaintiff was unfit to be released from SVPP due to his pervasive sexually violent behavior. (*Id.* at 13.) The Plaintiff alleges that at some time between August 1, 2011, and August, 2013, Defendant Howell sexually engaged the Plaintiff physically and via "letters, phone calls, etc.," thereby causing the Plaintiff to "relapse and experience a set-back in his treatment." The Plaintiff alleges that Defendants Howell's acts have hindered the Plaintiff's ability to recover, thus prolonging his confinement. (Dkt. No. 1-1 at 5, ¶¶ 11-15)

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News*

---

[2] The Plaintiff allegedly was untruthful to SLED investigators and claimed that he was speaking to an individual other than the female DMH employee in the phone conversations. (Dkt. No. 12-1 at 9.)

[3] The Plaintiff's sanctions included the following: "[Seven] days of Therapeutic Room Restriction, [seven] days of Early Bedtime, loss of level for at least [thirty] days, [six] months of restricted phone privileges, and … no contact with the staff member (by letters, phone calls, or via third parties)."

*& Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir.

2010)(citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).  In ruling on a motion

for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable

inferences are to be drawn in that party's favor.'" *Id*. (quoting *Hunt v. Cromartie*, 526 U.S. 541,

552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## ANALYSIS

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he

or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of

the United States," and (2) "that the conduct complained of was committed by a person acting

under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d

653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540

(1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).  In a § 1983 action, "liability is

personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d

391, 402 (4th Cir. 2001).

In the Amended Complaint, the Plaintiff alleges that Defendant Howell's inappropriate

sexual contact and advances constitute a due process violation by causing the Plaintiff to relapse

and thus be committed to SVPP for longer than he should have been. (Dkt. No. 1-1.) In her

Motion for Summary Judgment, Defendant Howell asserts that the statute of limitations lapsed

between the time of her alleged engagement with the Plaintiff and the commencement of this

action on or about August 15, 2015, and therefore the Plaintiff's claim should be barred. (Dkt.

No. 12.)  Defendant Howell's position is that the Plaintiff knew or should have known of a cause

of action no later than November 9, 2011, the day when Defendant Howell was terminated by

DMH. In his response to Defendant Howell's Motion for Summary Judgment, the Plaintiff posits

4

that the statute of limitations should begin to run "after discovery of the loss" rather than on the date of the incident. (Dkt. No. 12.) The Plaintiff further argues that his claims are not barred by the statute of limitations because he was unaware that he suffered harm until reading Dr. Marie Gehle's notes in the Report on or about August 20, 2015.  (*Id.*)

The Supreme Court has held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions[4]." *Owens v. Okure,* 488 U.S. 235, 249 (1989). After determining the applicable statute of limitations period, the court will then "[determine] when the plaintiff's cause of action accrued." *Brock v. Shearer,* No.: 3:10–2821–MGL, 2013 WL 671709, at *4 (D.S.C. Feb. 22, 2013) (citing *Nat'l Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir.1991)).  "Determining the date upon which a § 1983 claim accrues is a matter of federal law." *Brock v. Shearer,* No. 3:10-CV-2821-MGL, 2013 WL 671709, at *4 (D.S.C. Feb. 22, 2013) (citing *Albright v. Oliver,* 510 U.S. 266 (1994)). The Fourth Circuit has held that a cause of action under § 1983 accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (citing *Nat'l Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir.1991)).

"[A] federal cause of action accrues upon inquiry notice." *Nasim v. Warden, Md. House of Corr.,* 64 F.3d 951, 955 (4th Cir.1995). Courts have recognized that a plaintiff is put on inquiry notice for the purposes of a § 1983 claim when "he is put on notice—e.g., by the knowledge of the fact of injury and who caused it—to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." *Brock,* 2013 WL 671709, at *5 (citing *Nasim.,* 64 F.3d 951, at 5); *see also United States v. Kubrick*, 444, U.S. 111 (1979)(holding that the

---

[4] The parties do not dispute that the three year statute of limitations for personal injury actions as stated in S.C. Code § 15-3-530(5) applies to the Plaintiff's §1983 claims. (Dkt. No. 12 at 2.)

plaintiff's negligence claim accrued upon knowledge of his injury and its probable cause, and not upon knowledge that the injury could give rise to a claim against the defendant.)

In *Brock*, the plaintiff was a prisoner and brought a §1983 action against two medical professional defendants, alleging that in July of 2008, the defendants wrongfully discharged the plaintiff despite knowledge of the plaintiff's frail condition and pneumonia diagnosis. *Brock,* 2013 WL 671709, at *5. The plaintiff failed to file an action until November of 2010, five months after the statute of limitations period had lapsed, arguing that "he did not discover that 'the alleged harm' had caused a permanent injury until March 2010 when he saw an x-ray of his lung with his own eyes." *Id.* The Court rejected the plaintiff's "discovery rule" argument, noting the following:

> Plaintiff would try to impose a "discovery rule" approach based on West Virginia law at this juncture in arguing that he did not 'discover' that the wrong done had caused an actual permanent 'injury' until March 2010." (citation omitted) He goes on to state that the "actual 'injury' discovery is the 'basis' of the action" and therefore argues that his claims did not accrue until March 2010 "discovery" date. (citation omitted).

*Id* at *4. The Court instead found that the plaintiff's cause of action accrued in July of 2008 when he was put on inquiry notice of his injury. The court stated that "[p]laintiff had sufficient knowledge of a July 2008 injury by the alleged perpetrators, and was therefore placed on inquiry notice. Thus, Plaintiff's cause of action against Defendants Wilson and Yung accrued on July 4, 2008, when he was discharged from the hospital." Id at *5.

The Plaintiff's § 1983 claims against Defendant Howell are barred by the three (3) year statute of limitations. The Plaintiff argues that the statute of limitations did not begin to accrue until he became aware on August 20, 2013, of the loss or harm that resulted from his sexual contact with Defendant Howell. (Dkt. No. 12 at 1.) The Plaintiff argues that he did not discover the harm until he received his Report. (*Id.*) Defendant Howell was terminated from her

employment at SCDC on November 9, 2011.[5] (Dkt. No. 6-2.)  In December of 2011, the Plaintiff

"received numerous infractions for engaging in a relationship" with Defendant Howell. (Dkt. No.

12-1 at 9.)  In February 2012, the Plaintiff was reprimanded again for continuing to communicate

with Defendant Howell. (*Id.*)  The Plaintiff did not file this action, according to the Plaintiff,

until August 20, 2015. (Dkt. No. 1-1.)

      The Plaintiff was aware of his inappropriate sexual conduct as it happened because he

was a participant in the conduct*.  c.f. Johnson v. Elizabeth Day Program*, No. 05-CV-4035-JAG,

2005 WL 2372964, at *2 (D.N.J. Sept. 27, 2005) (holding in a case where the plaintiff alleged

sexual abuse by the supervisor of a court ordered juvenile day program that the statute of

limitations began to run when he turned 18 years old).[6]   The Plaintiff knew, or had reason to

know, of the injuries that gave rise to the cause of action well before he read the Report. Even if

the Plaintiff lacked actual knowledge, he certainly had sufficient knowledge to put him on

inquiry notice after being reprimanded for his bad behavior in December of 2011. At that time,

he was formally sanctioned for his conduct and received punishment. (Dkt. No. 12-1 at 9.)

Assuming his sanction and punishment occurred on the latest possible date, December 31, 2011,

the statute of limitations ran out three years later, at the end of 2014. The Plaintiff did not file his

lawsuit until August 20, 2015. Accordingly, the Plaintiff's cause of action against Defendant

Howell is barred by the statute of limitations.

---

[5] Any alleged actions taken by Defendant Howell after November 9, 2011, are not cognizable
under § 1983 because she was not acting under color of state law after that date. *Pruitt v.
Pernell*, 360 F. Supp. 2d 738, 743 (E.D.N.C. 2005), *aff'd,* 173 F. App'x 298 (4th Cir. 2006)
(stating "the threshold question in § 1983 action is whether defendant was state actor, acting in
official capacity").
[6] The Plaintiff in the case at bar was 47 years old on August 20, 2013.  Therefore, the Plaintiff
does not have the benefit of having the statute of limitations toll until he reaches the age of
majority.

## CONCLUSION

Wherefore, it is **RECOMMENDED** that Defendant Tina Howell's Motion for Summary Judgment (Dkt. No. 6) be **GRANTED**.

IT IS SO RECOMMENDED.

July 19, 2016

Charleston, South Carolina

                                        MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

8

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).