IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| John Shell, ) | |
| ) | C/A No. 2:15-4213-MBS-MGB |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| South Carolina Department of Mental ) | |
| Health, Latrice Cooper, and ) | |
| Tina Howell, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On or about August 20, 2015, Plaintiff John Shell filed the within action in the Court of Common Pleas for Richland County, South Carolina. Plaintiff filed an amended complaint on September 8, 2015. Plaintiff alleges that he has been in the custody and control of Defendant South Carolina Department of Mental Health (SCDMH) and a resident within the SCDMH Sexually Violent Predator (SVP) program since August 1, 2011. Plaintiff alleges that sometime between August 1, 2011, and August 2013, Defendants Latrice Cooper, a case manager with the SVP program; and Tina Howell, a public safety officer with the SVP program, both engaged in inappropriate sexual relationships with Plaintiff, causing him to relapse with respect to his treatment, and preventing his potential release from the SVP program. Plaintiff alleges violations of due process pursuant to 42 U.S.C. § 1983 (First Cause of Action); negligent supervision (Second Cause of Action); and negligent training (Third Cause of Action). SCDMH removed the action on the basis of federal question jurisdiction on October 13, 2015. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary

Gordon Baker for pretrial handling.

On October 21, 2015, Defendant Howell filed a motion for summary judgment. Defendant Howell states that she was not employed by SCDMH after November 9, 2011. Defendant Howell contends that, assuming for purposes of summary judgment that Plaintiff's allegations are true, Plaintiff's complaint is untimely because it was not filed within three years of the latest date the alleged misconduct could have occurred, or November 9, 2014. See S.C. Code Ann. § 15-3-530(5).

Plaintiff filed a response in opposition on November 9, 2015. Plaintiff asserts that the limitations period did not commence until he discovered he had suffered harm because of the inappropriate contact, which was at the time of his first annual evaluation on August 20, 2013. See, e.g., Epstein v. Brown, 610 S.E.2d 816, 818 (S.C. 2005) (observing that, under the discovery rule, "the statute of limitations begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct"). Thus, according to Plaintiff, the filing of his complaint on August 20, 2015, was within the applicable limitations period.

Defendant Howell filed a reply on November 19, 2015. Defendant Howell argues that Plaintiff received numerous infractions for engaging in the alleged relationship with Defendant Howell in December 2011 and again in February 2012, after it was discovered that he had maintained telephone contact with her. According to Defendant Howell, Plaintiff, through the exercise of reasonable diligence, could have inquired in December 2011 or February 2012 as to the possible consequences the alleged relationship could have on his confinement. Defendant Howell asserts that, at the latest, Plaintiff's cause of action accrued no later than February 2012, and the limitations period expired approximately seven months prior to the action being commenced.

On July 19, 2016, the Magistrate Judge issued a Report and Recommendation in which she determined that Plaintiff's claims against Defendant Howell are barred by the statute of limitations. Accordingly, the Magistrate Judge recommended that Defendant Howell's motion for summary judgment be granted. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates in herein by reference. For the reasons stated herein and in the Report and Recommendation, Defendant Howell's motion for summary judgment (ECF No. 6) is **granted**. The action is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
Senior United States District Judge

Columbia, South Carolina  
August 22, 2016