### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

JOHN SHELL,                                )     C/A No. 2:15-CV-04213-MBS-MGB
                                      )
            PLAINTIFF,       )
                                        )
       vs.                          )
                                        )     REPORT AND RECOMMENDATION
SOUTH CAROLINA DEPARTMENT      )
OF MENTAL HEALTH, LATRICE COOPER, )
AND TINA HOWELL,                    )
                DEFENDANTS.   )
                                       )

The Plaintiff, through counsel, brings this action under Title 42, United States Code, Section 1983.  The Plaintiff is currently in the custody of the South Carolina Department of Mental Health ("DMH") pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code §§ 44-48-10 through 170 ("SVPA").  This matter is before the court on the Motion for Summary Judgment on Behalf of Defendant Latrice Cooper. (Dkt. No. 19.)

The Plaintiff brought this action on or about August 20, 2015.[1] (Dkt. No. 1 at 1.)  The Plaintiff filed an Amended Complaint on September 8, 2015. (*Id*. at 3.) Defendant DMH filed an Answer on October 14, 2015 (Dkt. No. 5.)  On October 21, 2015, Defendant Howell filed a Motion for Summary Judgment, and Defendant Latrice Cooper filed an Answer. (Dkt. No. 6; Dkt. No. 9). Defendant Howell's Motion for Summary Judgment was granted, and she was dismissed as a defendant pursuant to the district court's Order dated August 23, 2016. (Dkt. No. 26.)  Defendant Cooper filed her Motion for Summary Judgment on July 22, 2016. (Dkt. No. 19.)

---

[1] This action was removed from state court.  The Consent Notice of Removal has the Amended Complaint attached, not the original Complaint. (Dkt. No. 1.)  However, the Verification of the original Complaint is included and states that the Complaint was filed "on or about August 20, 2015." (Dkt. No. 1-1 at 1.)

On August 15, 2016, the Plaintiff filed Plaintiff's Opposition to Defendant's Motion for

Summary Judgment. (Dkt. No. 24.) On August 22, 2016, Defendant Howell filed a Reply to the

Plaintiff's Opposition. (Dkt. No. 25.)  This matter is referred to a United States Magistrate Judge

for consideration. For the reasons stated herein, the undersigned recommends that the Motion for

Summary Judgment on Behalf of Defendant Latrice Cooper (Dkt. No. 19) be granted.

## Alleged Facts

The Plaintiff is civilly committed under the SVPA and housed at the Broad River

Correctional Institute pursuant to a contract between DMH and the South Carolina Department

of Corrections ("SCDC"). (Dkt. No. 12.)  Defendant Cooper is a former employee of DMH who

was specifically employed within the Sexually Violent Predator Program ("SVPP") as a case

manager overseeing the Plaintiff's treatment. (Dkt. No. 1-1 at 4.)

The Amended Complaint alleges the following:

> That on some date between August 1, 2011 and August 2013, the Defendant
> Cooper, abused her position of authority over the Plaintiff in order to have the
> Plaintiff involve [sic] in an inappropriate relationship with Cooper. Defendant
> Cooper used her position as a case manager to engage in sexually explicit
> conversations and letters with the Plaintiff.

(Dkt. No. 1-1 at 5.) The Plaintiff alleges that Defendant Cooper's acts, along with the acts of

Defendant Howell, resulted in him having setbacks with his treatment in the SVPP. (*Id.* at 5.)

The Plaintiff additionally alleges that the Defendants' acts led to him having to stay in the SVPP

longer and lose privileges within the program. (*Id.* at 6.) Defendant Cooper left the employ of the

Department of Mental Health in April of 2014. (Dkt. No. 19-2 at 3-4.)

The Plaintiff was deposed on March 11, 2016. (Dkt. No. 19-2 at 1.) During his

deposition, the Plaintiff made the following statements:

> Q. Now we're going to talk about Ms. Cooper. Tell me about your relationship
> with her.

A. Ms. – didn't nothing start with Ms. Cooper until after Ms. Cooper left.

Q. I believe that was sometime in mid-to-late April 2014? Does that sound about right?
A. Sounds about right. Can't tell you exact.

Q. She had already left the Department of Mental Health; right?
A. Yes.
. . .
Q. So, basically, before she left the department, there is nothing romantic or sexual going on. She was your case manager; correct?
A. Yes.
. . .
Q. Why did you start this one with Cooper?
A. Because in a way, I felt that it wasn't wrong. She wasn't working here no more, and the fact that she knew what I went through with Ms. Cooper – I mean with Ms. Howell and . . .[.]
. . .
Q. Okay. You said nothing happened while she was here?
A. True, but the simple fact that this woman learned enough about me to know how to come at me, know how to get me, then it's almost like she still worked here, because if she hadn't met – come across me, I wouldn't have never met her.
. . .
Q. Referring to your complaint, I believe it is Exhibit 6, paragraph ten, which is the allegation as to Dr. Cooper. It says that she used her position as a case manager to engage in sexually explicit conversations and letters with you. It's my understanding, based on your testimony, that the sexually explicit conversations and letters took place after she left the department. Is that correct?
A. True.
. . .
Q. Your testimony, from what I understand, is Dr. Cooper was not employed by the Department of Mental Health when she began other – began having sexually explicit conversations and exchanging letters with you. Is that accurate?
A. Yes.

(Dkt. No. 19-2 at 3, lines 13-24; 4, lines 6-9; 6, lines 3-7; 7, line 24 – 8 , line 5;

9, lines 4-13; 10, lines 1-6.)

The Plaintiff additionally testified regarding two incidents with Defendant Cooper that he

alleges occurred prior to her departure. The first incident allegedly occurred when Defendant

Cooper was walking in front of the Plaintiff and she asked the Plaintiff, "You [sic] looking at my

bootie?" The Plaintiff replied, "Yes." However, Dr. Cooper never made another comment about

3

it, and the Plaintiff was not written up for responding. (Dkt. No. 19-2 at 4, lines 16-21.) The second incident allegedly occurred three or four days before Defendant Cooper left DMH. The Plaintiff alleges that he and other SVP participants were in a group session with Defendant Cooper in which the conversation ended up on the topic of sex and oral sex. (*Id.* at 5, line 10-25.) The Plaintiff alleges that Defendant Cooper made a comment to the group regarding her sexual preferences. (*Id.*) The Plaintiff alleges that this incident changed his perception of Defendant Cooper, but that he did not engage in a relationship or any other inappropriate contacts or letters at that time. (*Id.* at 10-11.)

In the Plaintiff's Opposition, "the Plaintiff admits that the [sic] Defendant Cooper's communications and dalliance with the Plaintiff did not occur until after her employment with the South Carolina Department of Mental Health ended…." (Dkt. No. 24.)

### Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

### ANALYSIS

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

The "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." *Id.* at 507 (quoting *Blum*, 457 U.S. at 1004). The question of whether a party is acting under color of state law is a question of law to be resolved by the court. *Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 354 (4th Cir.2003) (citation omitted).

It is undisputed that the alleged "inappropriate relationship" between the Plaintiff and Defendant Cooper did not start until after Defendant Cooper had left DMH. Defendant Cooper argues that she was not a state actor under § 1983 at the time of the alleged conduct. This court agrees.

The Plaintiff's argument in his Opposition is one sentence long.  (Dkt. No. 24.) The Plaintiff argues that Defendant Cooper "used the information and access to information given to her in the course of her employment" to engage in the alleged untoward conduct. (*Id.*)  While it is true that Defendant Cooper and the Plaintiff met through the SVPP, their relationship did not turn illicit until Defendant Cooper was no longer employed by the State.  Evidence that she met the Plaintiff and learned about him while she was a state actor does not in any way make her a state actor at the time of the alleged conduct. *See e.g. Howell v. Town of Ball,* 827 F.3d 515, 526 (5th Cir. 2016), *cert. denied sub nom. Town of Ball, La. v. Howell*, No. 16-631, 2017 WL 160464 (U.S. Jan. 17, 2017) (stating that a former mayor was not a state actor for § 1983 purposes); *see also Gjeka v. Delaware Cty. Cmty. Coll.*, No. 12-cv-4548, 2013 WL 2257727, at *8 (E.D. Pa. May 23, 2013) (holding that defendant ceased being a state actor after the date he was terminated from his employment with community college); *Bernard v. E. Stroudsburg Univ.*, No. 3:09-cv-525, 2010 WL 3984900, at *6 (M.D. Pa. Oct. 12, 2010) (holding that a university vice president ceased to be a state actor for § 1983 purposes after the plaintiffs graduated despite allegations that the defendant used his position "to gain plaintiffs' confidences and provide them with gifts including scholarships, and student worker or graduate assistant positions in his office" before targeting the plaintiffs for the solicitation of sexual behavior).  In viewing the facts in the light most favorable to the Plaintiff, Defendant Cooper was not a state actor at the time of the alleged conduct.  Therefore this court recommends that her Motion for Summary Judgment be granted.

## CONCLUSION

Wherefore, it is **RECOMMENDED** that the Motion for Summary Judgment on Behalf of Defendant Latrice Cooper (Dkt. No. 19) be **GRANTED**.

IT IS SO RECOMMENDED.

January 23, 2017

Charleston, South Carolina

_____

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).