IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| John Shell, | ) | |
| | ) | C/A No. 2:15-4213-MBS-MGB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| South Carolina Department of Mental | ) | |
| Health, Latrice Cooper, and | ) | |
| Tina Howell, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On or about August 20, 2015, Plaintiff John Shell filed the within action in the Court of Common Pleas for Richland County, South Carolina. Plaintiff filed an amended complaint on September 8, 2015. Plaintiff alleges that he has been in the custody and control of Defendant South Carolina Department of Mental Health (SCDMH) and a resident within the SCDMH Sexually Violent Predator (SVP) program since August 1, 2011. Plaintiff alleges that sometime between August 1, 2011, and August 2013, Defendants Latrice Cooper, a case manager with the SVP program; and Tina Howell,[1] a public safety officer with the SVP program, both engaged in inappropriate sexual relationships with Plaintiff, causing him to relapse with respect to his treatment, and preventing his potential release from the SVP program. Plaintiff alleges violations of due process pursuant to 42 U.S.C. § 1983 (First Cause of Action); negligent supervision (Second Cause of Action); and negligent training (Third Cause of Action). SCDMH removed the action on the basis of federal question jurisdiction on October 13, 2015. In accordance with 28 U.S.C. § 636(b)

---

[1] Summary judgment was granted in favor of Defendant Howell on August 23, 2016.

and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling.

This matter is before the court on motion for summary judgment filed by Defendant Cooper on July 22, 2016. Plaintiff filed a response in opposition on August 15, 2016, to which Defendant Cooper filed a reply on August 22, 2016. Defendant Cooper states that she was not employed by SCDMH at the time the alleged inappropriate relationship occurred, and therefore was not acting under color of state law during the time the alleged inappropriate conduct took place. Plaintiff concedes that his alleged dalliance with Defendant Cooper did not occur until after she left SCDMH's employ. However, Plaintiff contends that Defendant Cooper "used the information and access to information given to her in the course of that employment to engage in sexually explicit conversations and letters with the Plaintiff[.]" ECF No. 24, 1.

On January 23, 2017, the Magistrate Judge issued a Report and Recommendation in which she determined that Defendant Cooper was not a state actor at the time of the alleged illicit conduct, regardless of the fact Plaintiff and Defendant Cooper met while Defendant Cooper was employed by SCDMH. Accordingly, the Magistrate Judge recommended that Defendant Cooper's motion for summary judgment be granted. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de

2

novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) "the violation of a right secured by the Constitution and laws of the United States," and (2) this violation "was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  As the Magistrate Judge properly found, Defendant Cooper was not employed by SCDMH, and thus not a state actor, at the time of the relationship alleged by Plaintiff.  The court adopts the Report and Recommendation and incorporates in herein by reference.  For the reasons stated herein and in the Report and Recommendation, Defendant Cooper's motion for summary judgment (ECF No. 19) is **granted**.  The action is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

February 23, 2017