IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| John Shell, ) | |
| ) | C/A No. 2:15-4213-MBS-MGB |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| South Carolina Department of Mental ) | |
| Health, Latrice Cooper, and ) | |
| Tina Howell, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On or about August 20, 2015, Plaintiff John Shell filed the within action in the Court of Common Pleas for Richland County, South Carolina. Plaintiff filed an amended complaint on September 8, 2015. Plaintiff alleges that he has been in the custody and control of Defendant South Carolina Department of Mental Health (SCDMH) and a resident within the SCDMH Sexually Violent Predator (SVP) program since August 1, 2011. Plaintiff alleges that sometime between August 1, 2011, and August 2013, Defendants Latrice Cooper,[1] a case manager with the SVP program; and Tina Howell,[2] a public safety officer with the SVP program, engaged in inappropriate sexual relationships with Plaintiff, causing him to relapse with respect to his treatment, and preventing his potential release from the SVP program. Plaintiff alleges violations of due process pursuant to 42 U.S.C. § 1983 (First Cause of Action); negligent supervision (Second Cause of Action); and negligent training (Third Cause of Action). SCDMH removed the action on the basis

---

[1] Summary judgment was granted in favor of Defendant Cooper on February 23, 2017.

[2] Summary judgment was granted in favor of Defendant Howell on August 23, 2016.

of federal question jurisdiction on October 13, 2015. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling.

This matter is before the court on motion for summary judgment filed by Defendant SCDMH on November 2, 2016. Plaintiff filed a response in opposition on December 5, 2016, to which Defendant SCDMH filed a reply on December 12, 2016. Defendant SCDMH notes that Plaintiff's remaining claims for negligent supervision and negligent training fall under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, et seq.[3] Under the Act, an employer's liability under the doctrine of respondeat superior is limited to actions taken by the employee in her capacity as agent of the employer. Defendant SCDMH notes that, according to Plaintiff's own testimony, any inappropriate relationship occurred between Plaintiff and Defendant Cooper after Defendant Cooper left her employment with SCDMH. In addition, Defendant SCDMH asserts that, if Defendant Cooper was employed at the time of any inappropriate relationship, it is immune from suit for actions outside the scope of Defendant Cooper's official duties as Plaintiff's case manager. Defendant SCDMH further argues that Plaintiff's claims with respect to Defendant Howell accrued on December 31, 2011, at the latest, and are barred by the applicable two-year limitations period applicable under the Act.

On May 22, 2017, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendant SCDMH's motion for summary judgment be granted for the reasons stated in the motion. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

---

[3] Plaintiff did not bring a § 1983 claim against Defendant SCDMH.

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record and the applicable law. The court adopts the Report and Recommendation and incorporates in herein by reference. For the reasons stated herein and in the Report and Recommendation, Defendant SCDMH's motion for summary judgment (ECF No. 30) is **granted** and the case dismissed, with prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 15, 2017